IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADELE VARGA, Individually and On Behalf of All Others Similarly Situated,<br><br>   Plaintiff,<br><br>v.<br><br>GENERAL ELECTRIC COMPANY and JEFFREY ROBERT IMMELT,<br><br>   Defendants. | Case No. 1:18-cv-1449 (GLS/DJS) |

### DEFENDANTS' RESPONSE TO PLAINTIFFS' NEW REQUEST FOR PREMATURE DISCOVERY

  Defendants General Electric Company and Jeffrey Robert Immelt (collectively, "GE Defendants") submit this response to the premature discovery request in Plaintiff's January 27, 2020 submission (Dkt. No. 53).

  Plaintiff and Defendants both appear to agree that there is no reason to wait for a new decision on remand in *Jander*. But Plaintiff suggests for the first time that the Court may wish to order discovery before resolving the pending motion to dismiss. Putting aside that Plaintiff made this request without prior discussion with Defendants—contrary to the spirit, if not the letter, of L.R. 7.1(d)—the Second Circuit has recognized that Rule 12(b)(6) plays a critical gatekeeping role in ERISA cases, which are enormously expensive to litigate, by requiring plaintiffs "to allege a *factual* predicate concrete enough to warrant further proceedings" as the "price of entry, even to discovery." *St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 719 (2d Cir. 2013) (quoting *DM Research, Inc. v. Coll. of Am. Pathologists*, 170 F.3d 53, 55 (1st Cir. 1999)). Defendants' Motion to Dismiss offers numerous grounds on which

to dispose of both of Plaintiff's claims as a matter of law, and Plaintiff has provided no reason to dispense with the normal practice of resolving Defendants' Motion before opening the door to discovery. Indeed, even under this Court's Local Rules, discovery begins only after a Rule 26(f) conference, which typically occurs after the pleadings have closed. *See* L.R. 26.4 (Rule 26(d) "prohibits discovery prior to a meeting and conference between the parties"). For these reasons, this Court should continue on the traditional path of resolving Defendants' Motion before beginning any further proceedings, including requiring any discovery.[1]

| | |
|---|---|
| Dated: January 29, 2020 | Respectfully Submitted, |
| | /s/ Jaime A. Santos |
| Nicholas J. D'Ambrosio, Jr., Esq. | Jaime A. Santos, admitted *pro hac vice* |
| BOND, SCHOENECK & KING, PLLC | GOODWIN PROCTER LLP |
| 22 Corporate Woods Blvd., Suite 501 | 901 New York Avenue |
| Albany, NY 12211 | Washington, D.C. 20001 |
| (518) 533-3214 | (202) 346-4000 |
| ndambrosio@bsk.com | jsantos@goodwinlaw.com |
| | |
| | James O. Fleckner, admitted *pro hac vice* |
| | GOODWIN PROCTER LLP |
| | 100 Northern Avenue |
| | Boston, MA 02210 |
| | (617) 570-1000 |
| | jfleckner@goodwinlaw.com |
| | |
| | *Attorneys for Defendants* |

---

[1] Substantively, Plaintiff's January 27, 2020 response is wrong that *Jander* remains persuasive authority as a result of vacatur. Courts consider vacated opinions persuasive on issues *unrelated to the grounds on which they were vacated*. *See, e.g.*, *Brown v. Kelly*, 609 F.3d 467, 476-477 (2d Cir. 2010) (noting that the Second Circuit opinion at issue had been "*vacated on other grounds*"); *Silverman v. Miranda*, 213 F. Supp. 3d 519, 530 (S.D.N.Y. 2016) ("Although *Miranda III* is no longer binding on this Court, it was vacated on grounds unrelated to damages, and the Court treats the decision as persuasive authority as to those issues."). Here, the merits of the Second Circuit's decision reversing dismissal is what Plaintiff (misguidedly) relies upon, and that is precisely what has been vacated.

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 29, 2020 this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/ Jaime A. Santos
Jaime A. Santos